UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN RAGLAND,

        Petitioner,                              Case Number: 2:14-CV-10607

v.                                                  HONORABLE PAUL D. BORMAN
                                                            UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

### I. Introduction

Petitioner Kevin Ragland, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He pleaded no contest in Oakland County Circuit Court to two counts of armed robbery, Mich. Comp. Laws § 750.529; one count of receiving and concealing a stolen motor vehicle, Mich. Comp. Laws § 750.5357; one count of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f; one count of carrying a concealed weapon, Mich. Comp. Laws § 750.227; and three counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely. For the reasons stated herein, the Court finds the

petition for a writ of habeas corpus is untimely and grants the Respondent's motion. The Court also declines to issue Petitioner a certificate of appealability, and denies him leave to proceed on appeal *in forma pauperis*.

## II. Procedural Background

Petitioner pleaded no contest in Oakland County Circuit Court to the offenses listed above. On September 20, 2007, he was sentenced to these terms of imprisonment: 18 years 9 months to 60 years for each armed robbery conviction, 5 to 20 years for the carrying a concealed weapon, felon in possession, and receiving and concealing stolen property convictions; and 2 years for each felony-firearm convictions.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Ragland*, No. 284416 (Mich. Ct. App. Apr. 18, 2008). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on September 22, 2008. *People v. Ragland*, 482 Mich. 989 (Mich. Sept. 22, 2008).

On March 13, 2009, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Ragland*, No. 07-216394-FC (Oakland County Cir. Ct. May 18, 2009). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied. *People v. Ragland*, No. 296881 (Mich. Ct. App. Sept. 17, 2010). The Michigan Supreme Court denied Petitioner's application for leave to appeal on March 8, 2011. *People v. Ragland*, 488

Mich. 1046 (Mich. March 8, 2011).

Petitioner filed a second motion for relief from judgment in the trial court on November 29, 2010. Although Michigan Court Rule 6.502(G) prohibits the filing of successive motions for relief from judgment, the trial court did not apply this rule and denied the motion on the merits. *People v. Ragland*, No. 07-216394-FC (Oakland County Cir. Ct. June 27, 2011). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals on November 1, 2011. The Michigan Court of Appeals dismissed the application under Mich. Ct. R. 6.502(G), *People v. Ragland*, No. 306906 (Mich. Ct. App. June 21, 2012). The Michigan Supreme Court also denied leave to appeal "because the defendant's motion for relief from judgment is prohibited by M.C.R. 6.502(G)." *People v. Ragland*, 493 Mich. 895 (Mich. Nov. 20, 2012). On April 1, 2013, the Michigan Supreme Court denied Petitioner's motion for reconsideration. *People v. Ragland*, 493 Mich. 957 (Mich. Apr. 1, 2013).

Petitioner filed a petition for a writ of habeas corpus in this Court on March 30, 2011. The petition was dismissed without prejudice on June 28, 2011. *Ragland v. Scutt*, No. 2:11-cv-11524.

Petitioner filed a state habeas petition in November 2012. The petition was denied on December 12, 2012. *Ragland v. Woods*, No. 12-12462 (Chippewa County Cir. Ct. Dec. 12, 2012).

Petitioner filed the pending habeas petition on February 6, 2014.

3

## III. Discussion

### A.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B.**

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the expiration of the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on September 22, 2008. Petitioner had ninety days from September 22, 2008 to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on December 21, 2008, when the time

5

period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on December 22, 2008, and continued to run until Petitioner filed a motion for relief from judgment on March 13, 2009. That motion, a properly filed motion for state-court collateral review, tolled the limitations period with 283 days remaining. *See* 28 U.S.C. § 2244(d)(2). The trial court denied the motion for relief from judgment and Petitioner sought leave to appeal from the Michigan Court of Appeals and then the Michigan Supreme Court, both of which denied leave to appeal.

While Petitioner's appeal from the trial court's denial of his motion for relief from judgment was pending in the Michigan appellate courts, Petitioner filed a second motion for relief from judgment. Respondent argues that this second motion for relief from judgment does not toll the limitations period because Michigan Court Rule 6.502(G)(1) permits only one motion for relief from judgment to be filed with regard to a conviction. However, the trial court did not rely on Mich. Ct. R. 6.508(G)(1) and, instead, denied Petitioner's second motion for relief from judgment on the merits. Therefore, Petitioner's second motion for relief from judgment was a properly filed application for state court

collateral review which tolled the one-year limitations period. The Michigan Court of Appeals and Michigan Supreme Court both denied Petitioner's applications for leave to appeal the trial court's denial of his second motion for relief from judgment on the ground that the successive motion was prohibited by Michigan Court Rule 6.502(G). *People v. Ragland*, No. 306906 (Mich. Ct. App. June 21, 2012); *People v. Ragland*, 493 Mich. 895 (Mich. Nov. 20, 2012). Petitioner's applications for leave to appeal, therefore, were not properly filed applications that would toll § 2244(d)'s limitations period. *Bey v. Capello*, 525 F. App'x 405, 409 (6th Cir. 2013) (holding that applications for appellate review from the denial of a successive motion for relief from judgment do not toll the one-year limitations period because Rule 6.502(G) prohibits an appeal from the denial of a successive motion). Thus, the limitations period (of which 283 days remained) resumed running when the trial court denied Petitioner's second motion for relief from judgment, June 27, 2011. It continued to run, uninterrupted, until it expired on April 6, 2012. Petitioner filed the pending habeas petition on February 6, 2014, almost two years after the limitations period expired.

Moreover, even if the applications for leave to appeal the denial of Petitioner's second motion for relief from judgment tolled the limitations period, the petition is untimely. The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 20, 2012, and denied his motion for reconsideration on April 1, 2013. Assuming the limitations period resumed running on April 1, 2013, it expired

January 8, 2014, approximately one month before Petitioner filed this petition.

Petitioner fails to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations and the petition is untimely.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## V. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion for Summary Judgment (dkt. 12) and the petition for a writ of habeas corpus is DISMISSED. The Court DENIES a certificate of appealability.

Petitioner's Counter-Motion for Summary Judgment (dkt. 19), Motion for Production of Documents (dkt. 20), Motion for Interrogatories (dkt. 21), Motion to Compel Discovery (dkt. 22), and Motion to Expand the Record (dkt. 23) are DENIED AS MOOT.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: SEP 1 1 2015